IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AXXESS TECHNOLOGY SOLUTIONS, INC. | § § § | |
| v. | § § § | Case No. _____ |
| EPIC SYSTEMS CORPORATION | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Axxess Technology Solutions, Inc. ("Axxess"), files its Original Complaint against Defendant, Epic Systems Corporation ("Defendant"), as follows:

### INTRODUCTION

1. This is an action to establish and confirm that Axxess' registration and use of the mark POWERING CARE EVERYWHERE does not infringe, violate, or dilute Defendant's mark CARE EVERYWHERE and any trademark rights alleged owned by Defendant.

### PARTIES

2. Axxess is a Texas corporation with its principal place of business in Dallas County, Texas.

3. Defendant is a Wisconsin corporation with its principal place of business located at 1979 Milky Way in Verona, Dane County, Wisconsin 53593.  It may be served with process through its registered agent in Texas, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment arising under the Trademark Laws of the United States, 15 U.S.C. § 1051, et seq. (the "Trademark Act"); (ii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121, as the claims asserted herein arise under federal law. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the events giving rise to the claims stated herein occurred in this district.

7. The Court has personal jurisdiction over Defendant because it has purposefully engaged in business in the State of Texas, is registered to do business in Texas, and its false assertions of infringement of alleged trademarks were directed to Axxess in the State of Texas.

8. An actual case or controversy exists between the parties, as Defendant has threatened litigation against Axxess, has asserted that Axxess' use of the Axxess Mark (defined below) constitutes trademark infringement and unfair competition, and is opposing Axxess' registration of the Axxess Mark, all of which threatens injury to Axxess.

## FACTS

**A.  Axxess and the Axxess Mark.**

9. Axxess is a technology company that provides software, services, and solutions in the healthcare industry, including cloud-based electronic data collection and submission services for home health agencies. Though based in Dallas, it has home health agency customers from all over Texas and the United States. It currently has customers in all 50 states.

10. Axxess is the owner of common law and/or statutory trademark rights in and to the mark POWERING CARE EVERYWHERE (the "Axxess Mark") in connection with its goods and services. In order to protect its trademark rights in the Axxess Mark, Axxess is in the process of obtaining federal trademark registration for the Axxess Mark with the United States Patent and Trademark Office ("USPTO") pursuant to pending Federal Trademark Application Serial No. 86/857,155 (the "Application") for use in conjunction with "electronic data collection and data submission services for business purposes for home health agencies in the fields of medicine and healthcare" in

International Class 035.  The Application is currently pending and was published for opposition in the USPTO *Official Gazette* on July 19, 2016.

11. Axxess has used the Axxess Mark within the State of Texas and in interstate commerce within the United States since at least as early as October 15, 2015, and Axxess has acquired a valuable reputation for quality services and other goodwill associated with the Axxess Mark for its home health agency services.  Since 2015, Axxess has invested substantial time, money, and effort in promoting and establishing the Mark among home health agency consumers within the State of Texas and elsewhere.  By virtue of Axxess' use of the Axxess Mark and advertising efforts targeting home health agencies, there is a strong consumer and trade association in the home health agency industry between the Axxess Mark and the various goods and services emanating from Axxess within the State of Texas and elsewhere.

**B.     Defendant and its mark.**

12. Defendant is a large, privately held healthcare software company based in Wisconsin.  It offers computer software designed to allow sharing of patient's electronic health records (EHR) among physicians and hospitals within the healthcare industry. It has physician and hospital customers in Texas, including Children's Health Systems of Texas and Parkland Health & Hospital System in Dallas County, Texas, and elsewhere in the United States.

13. Pursuant to United States Trademark Registration No. 2,964,155, Defendant is the owner and registrant for the mark CARE EVERYWHERE ("Defendant's Mark") for use in conjunction with "computer software for use in the healthcare field, namely software for entering, storing, editing, organizing, integrating, synchronizing, processing, accessing, managing, communicating and sharing data to, from, across and among multiple separate information systems, including heterogeneous systems, and user manuals and documentation packaged with such computer software" in International Class 009.

C. **Defendant's actions giving rise to actual controversy.**

14. Defendant has admitted that it is not aware of any instance of actual confusion in the healthcare marketplace or by the general public despite the fact that both parties have used their respective marks in co-existence for at least eight months.

15. Nevertheless, on or about June 20, 2016, Defendant threatened litigation against Axxess, asserting that Axxess' registration and use of the Axxess Mark are infringing Defendant's claimed trademark rights. Such threats were communicated in writing from Defendant, which clearly and unambiguously articulated Defendant's intent to commence litigation to enforce its purported intellectual property rights. Defendant stated that it had sent an earlier cease-and-desist letter to Axxess claiming that its registration and use of the Axxess Mark was infringing upon Defendant's trademark rights in and to Defendant's Mark. In the same communication, Defendant

further stated that it intended to file an opposition to Axxess' pending Application when it was published for opposition in the USPTO *Official Gazette* based on Defendant's belief that Axxess' use and registration of the Axxess Mark in the Application would damage Defendant and the goodwill and reputation of Defendant's Mark and cause confusion in the healthcare marketplace as to the source or origin of Axxess' services in violation of applicable trademark laws.

16. Notwithstanding the USPTO's ruling of no conflicting marks under Section 2(d) under the Federal Trademark Act during its prosecution of the Application, Defendant is currently opposing Axxess' pending Application for the Axxess Mark in TTAB Opposition No. 91230162, which commenced on or about September 15, 2016. In its opposition, Defendant alleges, in pertinent part, that:

   a. Axxess' use and registration of the Axxess Mark will injure and damage Defendant and the goodwill and reputation of Defendant's Mark and cause dilution of the distinctive quality of such mark including by tarnishment and/or blurring, citing priority and likelihood of confusion;

   b. the Axxess Mark so closely resembles Defendant's Mark that the use and registration of the Axxess Mark would be likely to cause confusion, mistake, and/or deception as to the source or origin of

Axxess' services in violation of Section 2(d) of the Federal Trademark Act;

c. the Axxess Mark is confusingly similar in sight, sound, and connotation to Defendant's Mark;

d. Axxess' electronic data collection and data submission services for business purposes for home health agencies identified in the Application are so similar and so closely related to the EHR sharing software offered by Defendant under Defendant's Mark that the public is likely to be confused, be deceived, and erroneously assume that Axxess' services are offered by Defendant or that Axxess is connected with, sponsored by, endorsed by or affiliated with Defendant;

e. Axxess' services offered to home health agencies are likely to be advertised to and offered through the same channels of trade to the same classes of prospective purchasers as Defendant's EHR sharing software offered to physicians and hospitals in the healthcare industry; and

f. likelihood of confusion is enhanced by the fact that Defendant's Mark is supposedly strong, well-known, and entitled to a broad scope of protection.

17. As is clear, there presently exists a justiciable controversy regarding the Axxess' right to use the Axxess Mark free of any allegation by Defendant that such conduct constitutes an infringement of the Epic Mark and any trademark rights allegedly owned by Defendant.

## CAUSES OF ACTION

### Count One – Declaratory Judgment

18. Axxess incorporates the foregoing paragraphs as if fully set forth herein.

19. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the Axxess Mark, Axxess seeks relief from this Court under the Declaratory Judgment Act.

20. Axxess is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant, either directly or by inducing others to infringe or by contributing to infringement by others.

21. Axxess further is entitled to declaratory judgment that it has not committed any act of unfair competition, dilution, or tarnishment under the Lanham Act.

22. Axxess further is entitled to declaratory judgment that Axxess' services set forth in the Application offered in commerce to home health agencies in the healthcare industry are not so similar or related to the goods and services offered by Defendants in

the healthcare industry so as to be likely to cause confusion, mistake, or deception to the public.

23. Axxess further is entitled to declaratory judgment that Axxess' use and registration of the Axxess Mark, as set forth in the Application, on the Principal Register is not likely to cause confusion, mistake, and/or deception as to the source or origin of Axxess' services in violation of Section 2(d) of the Federal Trademark Act.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Axxess seeks judgment awarding it the following relief:

    a. an order declaring that Axxess is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant, either directly or by inducing others to infringe or by contributing to infringement by others under all applicable trademark laws, including the Federal Trademark Act;

    b. an order declaring that Axxess has not committed any act of unfair competition, dilution, or tarnishment under the Lanham Act arising from its registration and/or use of the Axxess Mark for the services set forth in the Application;

    c. an order declaring that Axxess' services set forth in the Application offered in commerce to home health agencies in the healthcare

  industry are not so similar or related to the goods and services offered by Defendants in the healthcare industry so as to be likely to cause confusion, mistake, or deception to the public;

d. an order declaring that Axxess' use and registration of the Axxess Mark, as set forth in the Application, on the Principal Register is not likely to cause confusion, mistake, and/or deception as to the source or origin of Axxess' services in violation of Section 2(d) of the Federal Trademark Act; and

e. such other and further relief to which Axxess may be justly entitled.

Dated: October 14, 2016.

        Respectfully submitted,

        */s/ Brian Vanderwoude*
        J. Brian Vanderwoude
        Texas Bar No. 24047558
        bvanderwoude@winstead.com

        Cathryn A. Berryman
        Texas Bar No. 02252990
        cberryman@winstead.com

        WINSTEAD PC
        500 Winstead Building
        2728 N. Harwood Street
        Dallas, Texas 75201
        (214) 745-5400 Phone
        (214) 745-5390 Facsimile

        **ATTORNEYS FOR PLAINTIFF**