IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AXXESS TECHNOLOGY SOLUTIONS INC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:16-CV-02893-N |
| EPIC SYSTEMS CORPORATION, | § § § | |
| Defendant. | § § | |

# ORDER

This Order addresses Defendant Epic Systems Corporation's ("Epic") motion to dismiss [7]. Because the Court lacks personal jurisdiction over Epic, the Court grants the motion.

## I. ORIGINS OF THE MOTION

This case arises out of Plaintiff Axxess Technology Solutions, Inc.'s ("Axxess") use of the mark "POWERING CARE EVERYWHERE" (the "Axxess mark"). *See* Original Compl. ¶ 10 [1]. Axxess is a technology company that provides healthcare related software, including cloud-based electronic data collection, and services to home health agencies. *Id.* ¶ 2. Axxess is a Texas corporation with its principal place of business in Dallas. *Id.* Similarly, Epic is a healthcare software technology company. *Id.* ¶ 12. Epic is a Wisconsin corporation with its principal place of business in Verona, Wisconsin. *Id.* ¶ 3. Epic is the owner and registrant of the trademark "CARE EVERYWHERE." *Id.* ¶ 13. Axxess alleges Epic has physician and hospital customers in Texas. *Id.* ¶ 12.

ORDER – PAGE 1

Axxess applied to the United States Patent and Trademark Office ("USPTO") for federal trademark registration for the Axxess mark. *Id.* ¶ 10. Axxess's application is pending and was published by the USPTO for feedback and opposition in 2016. *Id.* ¶ 10. After learning of Axxess's application, Epic sent a cease and desist letter to Axxess. *Id.* ¶ 14. Epic contends that Axxess did not respond. *See* Mot. to Dismiss 3. Thereafter Epic commenced formal opposition to Axxess's USPTO application for the Axxess mark. Compl. ¶ 16.

Axxess brings this declaratory action seeking a ruling that the Axxess mark does not infringe upon Epic's trademark rights. Compl. ¶ 1. Epic now moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *See* Mot. to Dismiss [7].

## II. THE RULE 12(B)(2) STANDARD

A nonresident defendant is subject to the jurisdiction of a federal court sitting in diversity if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) exercise of personal jurisdiction by the forum state is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas long-arm statute confers jurisdiction to the limits of the Constitution. *See id.*; *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984). "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369,

373 (5th Cir. 2003); *see Gessmann v. Stephens*, 51 S.W.3d 329, 335 (Tex. App. – Tyler 2001, no pet.).

The Due Process Clause of the Fourteenth Amendment limits the reach of a state court's – and thus a federal court's – jurisdiction over a nonresident defendant. *See Shaffer v. Heitner*, 433 U.S. 186, 207 (1977). Specifically, due process requires that two elements be satisfied. First, the nonresident must have purposefully established "minimum contacts" in the forum state such that he should reasonably anticipate being haled into court in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Second, the exercise of personal jurisdiction must "comport with 'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). The minimum contacts analysis required by due process ensures that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472 (alteration in original).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction exists if (1) the cause of action is related to, or arises from, the defendant's contacts with the forum, and (2) those contacts meet the due process standard. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). General jurisdiction, on the other hand, exists where the claim is unrelated to the nonresident's contacts with the forum, but where those contacts are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 415 (1984) (citations

ORDER – PAGE 3

omitted).  A court may assert general jurisdiction over a foreign corporation "to hear any and all claims against" it only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).  *Accord Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014).  Under either a general or specific jurisdiction analysis, however, "[t]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."  *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Burger King*, 471 U.S. at 474).

A court must consider the totality of the circumstances of a case when making the purposeful availment inquiry, as "no single factor, particularly the number of contacts, is determinative."  *Id.* at 1192.  "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state."  *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

Plaintiffs, as the parties seeking to invoke the Court's power, bear the burden of establishing the Court's jurisdiction over a foreign defendant.  *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012) (citing cases).  If a district court, as here, decides a motion to dismiss without holding an evidentiary hearing, a prima facie case suffices to establish jurisdiction.  *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).  A court must take uncontroverted allegations in the complaint as true, and it must resolve all

ORDER – PAGE 4

factual conflicts favor of the plaintiff. *Pervasive Software*, 688 F.3d 214 at 220 (citing *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)). In deciding the motion, a court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citing *Thompson*, 755 F.2d at 1165). "But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts." *Walk Haydel & Assocs v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

### III. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER EPIC

In its original complaint, Axxess alleges the Court has personal jurisdiction over Epic because "[Epic] has purposefully engaged in business in the State of Texas, is registered to do business in Texas, and its false assertions of infringement of alleged trademarks were directed to Axxess in the State of Texas." Compl. ¶ 7. As a threshold matter, the Court lacks general jurisdiction over Epic. Axxess does not allege facts to show that Epic's "'affiliations with [Texas] are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*, 564 U.S. at 919) (internal quotation marks omitted). Epic is incorporated in Wisconsin, and its principal place of business is likewise in Wisconsin. As the Fifth Circuit noted, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Axxess alleges Epic does business with at least two hospital systems in Texas. Compl. ¶ 12. But Axxess does not plead facts showing that Epic's contacts with Texas are "continuous and systematic" such that it is "at home" in Texas. Accordingly, the Court does not have general jurisdiction over Epic.

Likewise, the Court also lacks specific jurisdiction over Epic. The Fifth Circuit applies a three-step inquiry to determine if a court has specific jurisdiction over a party:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton*, 768 F.3d at 433 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The plaintiff bears the burden to establish the first two prongs, after which the burden shifts to the defendant to establish the third. *Id.* Thus the Court must determine whether Axxess demonstrated that Epic has minimum contacts with Texas *and* that this action arises out of those contacts.

In its complaint, Axxess alleged that the cease and desist letter sent by Epic to Axxess could help establish jurisdiction. Compl. ¶ 7. Axxess's response to Epic's motion to dismiss, however, is absent of any argument regarding the letter.[1] Instead, Axxess contends that the

---

[1] It is established that sending cease and desist letters is insufficient to establish personal jurisdiction. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360–61 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement."); *see also Expedite IT AOG, LLC v. Clay Smith Eng'g, Inc.*, 2010 WL 2671314, at *4 (N.D. Tex. 2010) ("The mere act of asserting a trademark or copyright right through a cease and desist letter does not subject that party to specific personal jurisdiction.").

Court has specific jurisdiction because the case arises out of the parties' simultaneous use of their marks in Texas. *See* Resp. to Mot. to Dismiss 10. To support its argument, Axxess points out that Epic has physician and hospital customers in Texas, which Epic serves using its CARE EVERYWHERE mark, while Axxess is simultaneously serving its Texas customers using the Axxess mark. *Id.*

But the Court may not consider Axxess's conduct when determining whether it has personal jurisdiction over Epic. The Supreme Court has made clear that the minimum contacts "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.") (emphasis in original). Thus Axxess's conduct has no bearing on whether the Court has personal jurisdiction over Epic. Nevertheless, Axxess attempts to rely on two cases to make an argument that the competing use of trademarks in a geographic area is sufficient to find specific personal jurisdiction. *See Trosper v. Metal Mulisha, LLC,* 2010 WL 375481, at *5 (N.D. Tex. 2010); *Fossil, Inc. v. Knicks Mend-Rite Co.*, 1998 WL 158674, at *1 (N.D. Tex. 1998). In both of these cases, the court found personal jurisdiction in similar declaratory judgment actions "at least to the extent jurisdiction is based on potential infringement claims arising out of this simultaneous use." *Trosper*, 2010 WL 158674, at * 6. But both of those cases were decided before the Supreme Court decided *Walden*, and took into account the plaintiff's simultaneous conduct when analyzing personal jurisdiction. Accordingly, this Court will only consider Epic's conduct.

Epic's contacts with Texas are insufficient to establish specific jurisdiction in this case. While Epic does business with Texas customers, that business is unrelated to Axxess's cause of action. *See ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012) ("the plaintiff's cause of action [must] arise[ ] out of or result[ ] from the defendant's forum-related contacts.'") (citing *Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)) (alteration in original). Whether Axxess is infringing on Epic's trademark rights has nothing to do with Epic's customers in Texas. Epic points to *Ham v. La Cienaga Music Co.*, 4 F.3d 413 (5th Cir. 1993) to support its argument. In *Ham,* a plaintiff brought a similar declaratory action requesting a declaration that it was not infringing the Defendants' copyrights. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 416 (5th Cir. 1993). The Fifth Circuit affirmed that the district court did not have personal jurisdiction over the nonresident defendants. *Id.* In that case, the defendants distributed copyrighted music nationally. *Id.* The plaintiff argued that the distribution of the copyrighted music in Texas demonstrated sufficient minimum contacts with the forum state. *Id.* But the Fifth Circuit held that the relationship between the declaratory judgment action and the distribution of the copyrighted music in Texas was at best "highly attenuated," as the plaintiff's alleged injury did not flow from the distribution. *Id.* As in *Ham*, Axxess does not allege injury from Epic's use of its trademark in Texas. Instead, the resolution of this case depends only upon whether Axxess is infringing Epic's trademark. *Id.* ("Rather, resolution of this action depends solely upon whether [plaintiff] infringed copyrights owned by [defendants]."). Likewise, this Court concludes that Axxess has not established that this cause of action arises out of Epic's business with Texas hospitals. Accordingly, the Court may not exercise specific jurisdiction over Epic.

Axxess counters that another Texas court held it had specific personal jurisdiction over Epic. *See* Resp. at 10 ("As one federal court in Texas held just a couple of months ago, Epic is subject to personal jurisdiction in Texas because it has purposefully directed activities toward Texas and provides services to Texas residents."). First, in that case, *Uniloc USA, Inc. v. E-MDS, Inc.*, Civil Action No. 6:14-cv-0625-RWS (E.D. Tex. filed July 18, 2014), the court held it had personal jurisdiction over Epic Hosting, LLC, not Epic Systems, the Defendant in this case. More importantly, that case involved alleged patent infringement, not trademark infringement. Unlike in trademark cases, personal jurisdiction in patent infringement cases is governed by the Federal Circuit, not the Fifth Circuit. *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) ("we apply Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of the patent laws.'") (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)). More importantly, patents can be infringed by an offer to sell the allegedly infringing product. In *Uniloc*, Epic Systems, LLC held a conference and then sent a proposal to a Texas resident offering to sell the accused technology. *See* Order, September 2, 2016 [500] *in Uniloc USA, Inc. v. E-MDS, Inc.*, Civil Action No. 6:14-cv-0625-RWS (E.D. Tex. filed July 18, 2014). Thus that cause of action arose out of Epic Systems, LLC's contact with the forum state. Here, Epic is not accused of any wrongdoing in Texas, and the cause of action does not arise from Epic's contacts with Texas. Thus the holding in that case has no bearing on this case.

Accordingly, Axxess has not met its burden of establishing a prima facie case that specific personal jurisdiction is warranted. Thus, the Court grants the motion to dismiss.

## CONCLUSION

Because the Court lacks personal jurisdiction over Epic, the Court grants Epic's motion to dismiss. Accordingly, the motion to stay discovery [12] is rendered moot.

Signed January 23, 2017.

                                                David C. Godbey
                                        United States District Judge